UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF EXPRESS CONSTRUCTION COMPANY, INC., a Washington Corporation, <br><br>                            Plaintiff, <br><br>    v. <br><br> JACOBS FIELD SERVICES NORTH AMERICA, INC., a Texas Corporation; JACOBS PROJECT MANAGEMENT CO., a Virginia Corporation, and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation, Payment Bond Nos. 8973253 and 8973257, <br><br>                         Defendants. | No. 2:11-cv-02016TSZ <br><br> Judge Thomas S. Zilly <br> _____ <br><br> STIPULATED PROTECTIVE ORDER |

## I.    STIPULATION AND PROTECTIVE ORDER

In order to expedite and facilitate the discovery process in this matter, Plaintiff United States for the Use and Benefit of Express Construction Company, Inc. ("Express") and Defendants Jacobs Field Services North America, Inc. and Jacobs Project Management Co. ("collectively the "Jacobs" entities) (hereinafter Express and Jacobs referred to as the "Parties"), through their respective counsel of record,

**STIPULATED PROTECTIVE ORDER** - 1

hereby stipulate and request that the Court enter a stipulated Protective Order to limit disclosure of certain material and information submitted in the above-captioned matter, so that no party obtaining access to protected material under this Order will gain a competitive advantage as a result of the disclosure.

The terms and conditions of this Protective Order are as follows:

1.    Scope.  This Protective Order shall govern all discovery in this matter including, but not limited to, information provided, produced, or obtained through any request for production, interrogatory, subpoena, or deposition testimony, exhibits thereto, or transcripts thereof.  As used herein, the term "document" shall include all forms of information delineated in FRCP 34.

2.    Protected Material.  A party may designate any response, answer, document, thing, or testimony produced or obtained through discovery as CONFIDENTIAL, Protected Material provided such response, answer, document, thing, or testimony contains or discloses information or bases justifying in good faith a CONFIDENTIAL designation.

3.    Protected Material that may be designated CONFIDENTIAL includes the following:

(a)    Accounting matters, audits, taxes, financial matters or statements, income records, revenue or income projections, financial data regarding assets, liabilities or net worth, profit and loss statements, balance sheets, income statements, payroll and time records, tax returns and schedules, W-2's, bank account registers, statements and ledgers, and copies of checks;

**STIPULATED PROTECTIVE ORDER** - 2

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

(b)     Employment and job personnel information, files, and records, including employee evaluations, compensation and social security numbers;

(c)     Proprietary information or data;

(d)     Information or documents that are kept confidential or are required to be kept confidential by an agreement between any party and any third persons or entities;

(e)     Information or documents that are confidential by law;

(f)     Customer or client information as to which a reasonable expectation of privacy exists;

(g)     Passwords or user IDs; or

(h)     Any other type of document or information by agreement of the Parties.

4.     The Parties agree to act in good faith when designating documents or information as CONFIDENTIAL and will only designate materials or information as CONFIDENTIAL when the disclosure of that document or information:

(a)     could reasonably give the receiving party a competitive advantage;

(b)     could reasonably give the producing party a competitive disadvantage; or

(c)     that document or information is the type that is traditionally considered confidential, proprietary, or personnel.

5.     <u>Procedure for Designating Protected Material</u>.  Any party desiring to protect information contained or disclosed in any document or thing through this Protective Order must designate such document, thing, or testimony as

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

CONFIDENTIAL in the manner provided herein, unless the Parties agree to an alternative procedure.  Any document or thing delivered to or served on any party may be designated as Protected Material by affixing the legend "CONFIDENTIAL" to every page of the document.

6.    <u>Disclosure to Third Parties</u>.  The Parties shall not duplicate, or provide for review, any Protected Material marked "CONFIDENTIAL" to third parties without prior, written consent from the producing party.

7.    <u>Inadvertent Failure to Designate</u>.  If a party, through inadvertence, produces any Protected Material without marking or otherwise designating it as "CONFIDENTIAL" in accordance with the provisions of this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Protected Material and should be treated as such in accordance with the provisions of this Protective Order.  The receiving party must treat such document or thing as Protected Material from the date such notice is received.

This paragraph shall not apply to information already filed in the court records in this matter except as required by Court Rule or law.

8.    <u>Procedure for Designating Deposition Testimony</u>.  If any party believes that Protected Material belonging to it has been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy and/or exhibit), such party may designate the deposition, portion thereof, or exhibit as protected by (a) stating on the record of the deposition that such deposition, portion thereof, or

**OLES MORRISON RINKER & BAKER LLP**
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

exhibit is protected, or by (b) stating in a writing served on counsel for the other party, up to ten (10) court days after such deposition, that such deposition, or portion thereof, or exhibit is Protected Material.

9.    <u>Restrictions on Use and Disclosure of Protected Material</u>.    All Protected Material shall be used by the party who receives such information solely for the litigation and/or trial of this matter (including motions, appeals, and enforcement of judgment proceedings).  The Parties specifically agree that they may not use any Protected Material in connection with any efforts to compete with one another, solicit business, solicit others to work for or with them, interfere with existing contractual or business relationships, disparage or defame one another, and/or to create any sort of competitive advantage.

10.    <u>Permitted Disclosure of Protected Information</u>.  Any information which has been designated as Protected Material and marked "CONFIDENTIAL" in accordance with this Protective Order by one party may be disclosed by the other parties to:

(a)    Partners and associate attorneys working on this lawsuit with that party;

(b)    Any person(s) who is retained by a party's attorneys of record in this litigation solely for the purposes of assisting in the preparation of this litigation for trial, such as independent accountants, statisticians, economists, and technical experts, provided that each such individual agrees in writing to be bound by the

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

terms of this Protective Order and to be subject to the jurisdiction of the Court for purposes of enforcing its terms;

(c)     Law clerks, paralegals, and administrative employees of the persons identified in paragraphs 10(a) and (b) above whose job duties require them to have access to the Protected Material;

(d)     The Court before which this case is pending, including personnel who are authorized by the Court;

(e)     Any stenographer or court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case, agency matter, administrative law proceeding, and/or other legal proceeding; and

(f)     A witness in the action whose deposition is to be taken or who is to testify at trial, at any agency or administrative law hearing and/or other legal proceeding, but only to the extent necessary for that testimony.

11.   Acknowledgment of Stipulation.  Except when used in a deposition or court, before obtaining access to any copies of Protected Material covered by this Protective Order, each person (other than legal counsel and their staff) who is permitted to have access to the Protected Material must provide written confirmation (in the form provided as Appendix A to this Protective Order) that they have read and understood this Protective Order and agree to be bound by its terms.  Counsel for the party that receives the Protected Material must maintain such acknowledgements for at least one (1) year following final resolution of this matter.

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

12.   <u>Disclosure at Trial</u>.  Unless otherwise ordered by the Court, Protected Material may be disclosed in testimony at the trial of this matter or offered in evidence at the trial of this matter, any agency or administrative law hearing, and/or other legal proceeding involving the Parties, subject to all other applicable statutes, laws, rules, and orders.

~~13.   Confidential Documents Filed with the Court.  Any briefs, transcripts, exhibits, depositions, or other documents that are filed or lodged with the Court and that contain, comprise, summarize, or quote from Protected Material shall be filed under seal in compliance with the procedures set forth by local and state rules of the Court for filing confidential documents and/or documents filed under seal.~~

13.   **If a party wishes to use CONFIDENTIAL documents or information to support or oppose a motion, the following procedures shall apply:**

**Counsel shall meet and confer before filing documents under seal.  To the extent possible, counsel shall submit, along with any document filed under seal, a stipulation and proposed order reciting the reasons for sealing the document.  <u>*See*</u> Local Rule CR 5(g)(2); <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006); <u>Foltz v. State Farm Mut. Auto. Inc. Co.</u>, 331 F.3d 1122 (9th Cir. 2003).  If counsel cannot reach agreement, then a properly noted motion to seal must be filed <u>contemporaneously</u> with the sealed document.  If the party wishing to submit the material is not the party designating the material as CONFIDENTIAL, the party wishing to submit the material shall provide at least seven (7) judicial days notice to the other**

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

party(ies), so that a motion to seal, if necessary, may be prepared and filed <u>at the same time</u> as the material is submitted under seal to the Court.

Counsel shall use the Case Management and Electronic Document Filing ("CM/ECF") system to present materials under seal; counsel shall not provide original sealed materials to chambers and shall not provide working copies to chambers unless the materials are voluminous and working copies would otherwise be required under Local Rule CR 10(e)(8).  In association with any stipulation or motion to seal, the parties shall bring to the Court's attention the requested disposition of the CONFIDENTIAL document in the event the stipulation or motion to seal is denied.  For example, a party may request that, in the event the stipulation or motion is denied, the documents containing CONFIDENTIAL information be deleted from the docket rather than merely unsealed, together with leave to file a new motion or other paper that does not rely on the CONFIDENTIAL document or information.  Nothing in this Order or the above example shall be construed as an endorsement of any particular relief, nor shall it otherwise constrain the Court's authority with respect to the handling of Confidential documents or information.

If, through inadvertence or otherwise, CONFIDENTIAL information is filed with the Court without the appropriate notice, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and to the Court, without

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

**prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.**

14. <u>Relief Available</u>.   In the event of a dispute with respect to the designation of any discovery material as Protected Material, counsel for the Parties shall endeavor in good faith to resolve their dispute on an informal basis.  If the Parties cannot reach an agreement to resolve the dispute, any party hereto may, on a motion to the Court, seek relief from, or modification of, this Protective Order, request that certain documents be filed under seal, and/or may challenge the designation of any document, thing, or testimony as Protected Material.

15. <u>Privilege</u>.   Nothing contained in this Protective Order shall be construed to require production of Protected Material which is privileged or otherwise protected from discovery.

16. <u>Right to Assert Other Objections</u>.  Nothing contained in this Protective Order shall be construed as a waiver of either party to assert any objections to the discovery requests underlying the production of the Protected Material, including objections of relevance.

17. <u>Copies</u>.  Counsel is authorized to make, or cause to be made at their direction, reproductions of discovery materials that have been designated CONFIDENTIAL as they deem necessary for the purposes of this matter, but all such reproductions shall be subject to the terms of this Order.

18. <u>Return/Retention of Documents</u>.  After the entry and full satisfaction of any judgment in this case, order of dismissal and/or other voluntarily or non-

**STIPULATED PROTECTIVE ORDER** - 9

OLES MORRISON RINKER & BAKER LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

voluntary disposition, the Parties shall work together in good faith to address the return and/or confidential disposal (shredding or other similar destruction) of the various copies of the documents and/or other discovery materials designated CONFIDENTIAL.  Counsel for the Parties shall only be allowed to retain one copy of the documents and/or materials (preferably an electronic copy) for appeal, use in any other pending legal proceeding involving the parties, including actions to enforce any judgment, and/or for file retention purposes.  Under no circumstances shall any party (as opposed to counsel for the party) keep a copy of any document and/or material that another party designated as CONFIDENTIAL.

19.   Survival of Order.   This Order shall remain in force and effect until further order of this Court.  Insofar as the provisions of this Order restrict the use of Protected Material, this Order shall continue to be binding after the conclusion of this litigation to the extent that the Protected Material is not or does not become known to the public.

This Stipulation is effective immediately, it is so agreed.

DATED this 9th day of April, 2012.

**STIPULATED PROTECTIVE ORDER** - 10

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE:  (206) 623-3427
FAX:  (206) 682-6234

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By   s/ Jonathan A. DeMella
     s/ Bryan A. Kelley
Jonathan A. DeMella, WSBA #36081
Bryan A. Kelley, WSBA #33543
Oles Morrison Rinker & Baker LLP
701 Pike Street, Suite 1700
Seattle, WA 98101
Phone: (206) 623-3427
Fax: (206) 682-6234
Email: demella@oles.com
       kelley@oles.com
Attorneys for Plaintiff United States for the
Use and Benefit of Express Construction
Company, Inc.

DATED this 9th day of April, 2012.

By   s/Andrew J. Gabel
Andrew J. Gabel, WSBA #39310
Lane Powell, PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101
Phone: (206) 223-7000
Fax: (206) 223-7017
Email: gabela@lanepowell.com
Attorneys for Defendants

**OLES MORRISON RINKER & BAKER** LLP
701 PIKE STREET, SUITE 1700
SEATTLE, WA 98101-3930
PHONE: (206) 623-3427
FAX: (206) 682-6234

## II.    ORDER

Based on the above Stipulation of the Parties for a Protective Order, and the records and files herein, it is hereby ORDERED, ADJUDGED, and DECREED that the terms of this STIPULATED PROTECTIVE ORDER are hereby entered by this Court.

DATED this <u>13th</u> of April, 2012.

THOMAS S. ZILLY
United States District Judge

\

**STIPULATED PROTECTIVE ORDER** - 12

**APPENDIX A – CERTIFICATE REGARDING PROTECTIVE ORDER**

I, _____, hereby certify that I have been given a copy of and have read and understand the attached Protective Order ("Order"), and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order and agree to comply with those terms.

I understand that I may not use or disclose to others CONFIDENTIAL documents or things, or any copies thereof, or any notes or other records that may be made regarding such CONFIDENTIAL documents or things, except in conformance with the Order.

Name: _____

Affiliation: _____

Business Address: _____

_____

Dated: _____

Signed: _____

4836-5478-0687, v.  1

**STIPULATED PROTECTIVE ORDER** - 13